**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.: |
| | ) | |
| BEACH FOR DOGS CORPORATION; BEACH | ) | |
| FOR DOGS AURORA, INC; STEVE | ) | |
| HOLLAND, Individually and d/b/a BEACH | ) | |
| FOR DOGS; and WOOFBEACH, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, SENTINEL INSURANCE COMPANY ("Sentinel") by its attorneys, Michael J. Duffy and Ashley L. Conaghan of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants, BEACH FOR DOGS CORPORATION ("BFD"); BEACH FOR DOGS AURORA, INC. ("BFD Aurora"); STEVE HOLLAND, Individually and d/b/a Beach for Dogs ("Holland"), and WOOFBEACH, INC. ("Woofbeach"), states as follows:

## STATEMENT OF CASE

1.      This action seeks a declaration that Sentinel owes no insurance coverage obligations to BFD, BFD Aurora, and Holland (collectively referred to as "Beach for Dogs") in connection with the claims against them in a lawsuit styled as *Woofbeach, Inc. v. Steve Holland, Individually and d/b/a Beach for Dogs, Beach for Dogs Aurora, Inc., and Beach for Dogs Corporation*, currently pending in the U.S. District Court of the Northern District of Illinois

(hereinafter the "*Woofbeach* suit."). A copy of the complaint in the *Woofbeach* suit is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

2.      Sentinel is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

3.      Defendant BFD Corporation is a corporation formed under the laws of the State of Illinois with its principal place of business in Wheaton, Illinois.

4.      Defendant BFD Aurora is a corporation formed under the laws of the state of Illinois with its principal place of business in Wheaton, Illinois.

5.      Defendant Holland is a citizen of Illinois and resides in Batavia, Illinois.

6.      Defendant Woofbeach is a corporation formed under the laws of the State of Illinois with its principal place of business in Batavia, Illinois. Woofbeach is joined solely as an interested party to be bound by the judgment rendered by this Court.

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business or reside within this District, and because this case involves coverage under certain insurance policies issued in this District of circumstances and claims described in a suit pending within this District arising from events that happened in this District.

2

**FACTS**

9.      BFD was formed in Illinois under the entity name "BEACH FOR DOGS CORPORATION" on February 25, 2015.

10.     BFD Aurora was formed in Illinois under the entity name "BEACH FOR DOGS AURORA, INC." on March 4, 2016.

11.     Upon information and belief, Beach for Dogs began using the following logo sometime in 2015:



12.     Sentinel issued a liability policy to Beach For Dogs, a corporation, bearing policy number 83 SBA NX5414 effective from April 10, 2016 to April 10, 2017 ("the Sentinel Policy"). The Sentinel Policy has a $1 million each occurrence limit, a $1 million personal and advertising limit and a $2 million general aggregate limit. The Sentinel Policy also contains excess umbrella coverage in the amount of $1 million with a $10,000 self-insured retention. A copy of the Sentinel Policy is attached as Exhibit B.

13.     The primary liability coverage in the Sentinel Policy provides, in part, as follows:

**BUSINESS LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage.   Read the entire policy carefully to determine rights, duties and what is and is not covered.

3

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we," "us" and "our" refer to the stock insurance company member of The Hartford providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **C.** – Who Is An Insured.

*    *    *

**A.**    **COVERAGES**

   **1.**    **BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

      **Insuring Agreement**

      a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damages" or "personal and advertising injury" to which this insurance does not apply.

            We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

*    *    *

      b.    This insurance applies:

         (1)    To "bodily injury" and "property damage" only if:

4

    (a)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (b)    The "bodily injury" or "property damage" occurs during the policy period; and

    \*    \*    \*

(2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

    \*    \*    \*

**B.    EXCLUSIONS**

    **1.    Applicable To Business Liability Coverage**

    This insurance does not apply to:

    **a.    Expected Or Intended Injury**

    (1)    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

    (2)    "Personal and advertising injury" arising out of an

5

offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

\*       \*       \*

p.    **Personal And Advertising Injury**

"Personal and advertising injury":

\*       \*       \*

(2)    Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period;

\*       \*       \*

(7)[1]    (a) Arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or

(b) Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or

---

[1] Exclusion 7 is quoted as amended by the Business Liability Coverage Form Amendatory Endorsement, Form SS 00 60 09 15.

6

violation is made by you or by any other party involved in the claim or "suit," regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

(1) Infringement, in your "advertisement," of:

    (a) Copyright;

    (b) Slogan; or

    (c) Title of any literary or artistic work; or

(2) Copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement."

\*　　\*　　\*

**C.　WHO IS AN INSURED**

1.　If you are designated in the Declarations as:

\*　　\*　　\*

d.　An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors. Your stockholders are also insureds, but

7

only with respect to their liability as stockholders.

\*      \*      \*

2.      Each of the following is also an insured:

      a.      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

\*      \*      \*

**G.**      **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

1.      "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

      a.(1)      Radio

      (2)      Television;

      (3)      Billboard;

      (4)      Magazine;

      (5)      Newspaper;

      b.      The Internet, but only that part of a web site that is about goods, products or services for the purposes of inducing the sale of goods, products or services; or

8

    c.      Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

    a.      The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or

    b.      An interactive conversation between or among persons through a computer network.

2.    "Advertising idea" means any idea for an "advertisement."

*    *    *

5.    "Bodily injury" means physical:

    a.      Injury;

    b.      Sickness; or

    c.      Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

*    *    *

9.    "Executive officer" means a person holding any of the officer position created by your charter, constitution, by-laws or any other similar governing document.

*    *    *

16.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

9

17.   "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    a.    False arrest; detention or imprisonment;

    b.    Malicious prosecution;

    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owners, landlord or lessor;[2]

    d.    Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.    Oral, written or electronic publication of material that violates a person's right of privacy;

    f.    Copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement";

    g.    Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

    h.    Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

\*    \*    \*

---

[2] Section c is quoted as amended by the Business Liability Coverage Form Amendatory Endorsement, Form SS 00 60 09 15.

2232505v.1

20.   "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it.

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

\*    \*    \*

(Ex. B, Form SS 00 08 04 05).

14.    The excess umbrella coverage in the Sentinel Policy provides, in part, as follows:

**UMBRELLA LIABILITY PROVISIONS**

This supplemental contract modifies insurance provided under the policy to which it is attached.

In this policy the words "you" and "your" refer to the Named Insured first shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy. "We," "us" and "our" refer to the stock insurance company member of The Hartford shown in the Declarations.

\*    \*    \*

**SECTION I – COVERAGES**

**INSURING AGREEMENTS**

**A.    Umbrella Liability Insurance**

    1.    We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying

11

insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence." But, the amount we will pay as "damages" is limited as described in **Section IV – LIMITS OF INSURANCE.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – INVESTIGATION, DEFENSE, SETTLEMENT.**

2.  This insurance applies to "bodily injury," "property damage" or "personal and advertising injury" only if:

    a.  The "bodily injury," "property damage" or "personal and advertising injury" occurs during the "policy period"; and

    *       *       *

**B.    Exclusions**

This policy does not apply to:

*       *       *

4.  **Personal and Advertising Injury**[3]

    This policy does not apply to "personal and advertising injury."

    **EXCEPTION**

    This exclusion dos not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance," but in no event

---

[3] This exclusion is quoted as amended by the Following Form Endorsement - Personal and Advertising Injury, Form SX 24 33 06 10.

12

shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies

\*   \*   \*

14.   **Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\*   \*   \*

**SECTION III – WHO IS AN INSURED**

A.   If you are doing business as:

\*   \*   \*

4.   An organization other than a partnership, joint venture or limited liability company, you are an "insured." Your "executive officers" and directors are "insureds," but only with respect to their duties as your officers or directors. Your stockholders are also "insureds," but only with respect to their liability as stockholders.

\*   \*   \*

B.   Each of the following is an "insured";

1.   Your "volunteer workers" only while performing duties related to the conduct of

13

your business or your "employee" other than your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts:

a.    Within the scope of their employment by you or while performing duties related to the conduct of your business; and

b.    Only if such "volunteer workers" or "employees" are "insureds" in the "underlying insurance" with limits of liability at least as high as set forth in the extension Schedule of Underlying Insurance Policies, subject to all the limitations upon coverage and all other policy terms and conditions of such "underlying insurance" and this policy.

*    *    *

However, the coverage afforded by reason of the provisions set forth above applies only to the extent:

(i)    Of the scope of coverage provided by the "underlying insurance" but in no event shall coverage be broader than the scope of coverage provided by this policy and any endorsements attached hereto; and

(2)    That such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Extension Schedule of Underlying Insurance Policies.

*    *    *

**SECTION VII -- DEFINITIONS**

14

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

A.      "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

*      *      *

D.      "Damages" means a monetary award, monetary settlement or monetary judgment.[4]

The following are not considered "damages" and are not covered by this policy.

1.      Fines, penalties, sanctions or taxes;

2.      Attorney's fees and costs associated with any non-monetary relief awarded against the "insured"; or

3.      Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of this policy.

*      *      *

F.      "Occurrence" means:

1.      With respect to "bodily injury" or "property damage," an "accident," including continuous or repeated exposure to substantially the same general harmful conditions; and

2.      With respect to "personal and advertising injury," an offense described in one of the numbered subdivisions of that definition in the "underlying insurance."

---

[4] This definition is quoted as amended by the Illinois Changes Endorsement, Form No. SX 02 04 01 09.

2232505v.1

\*       \*       \*

(Ex. B, Form SX 80 02 04 05).

15.     Beach for Dogs has demanded that Sentinel defend and indemnify it under the Policy with respect to the claims in the *Woofbeach* suit.

16.     Sentinel denies that it owes Beach for Dogs any defense or indemnity obligation with respect to the *Woofbeach* suit.

17.     An actual and justiciable controversy exists between Sentinel and Defendants as to the availability of insurance coverage for Beach for Dogs with respect to the *Woofbeach* suit under the Policy and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## Count I
### No "Bodily Injury" or "Property Damage" Caused by an "Occurrence"

18.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

19.     Subject to all of its terms, the Sentinel Policy provides coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Sentinel Policy.

20.     The claims in the *Woofbeach* suit do not concern claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

16

21.     Accordingly, Sentinel does not owe any defense or indemnity obligation to Beach for Dogs under the "bodily injury" or "property damage" coverage of the Sentinel Policy for the claims against it in the *Woofbeach* suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify BFD, BFD Aurora and/or Holland for the claims against them in the *Woofbeach* suit; and

B.     For all such just and equitable relief, including costs of this suit.

## Count II
## No "Personal and Advertising Injury"

22.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

23.     Subject to all of its terms, the Sentinel Policy provides coverage for "damages" because of "personal and advertising injury" as those terms are defined and used in the Sentinel Policy.

24.     The claims in the *Woofbeach* suit do not concern claims for "damages" because of "personal and advertising injury."

25.     Therefore, Sentinel does not owe any defense or indemnity obligations to Beach for Dogs under the "personal and advertising injury" coverage of the Sentinel Policy for the claims against it in the *Woofbeach* suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

17

A.   A declaration finding that Sentinel owes no duty to defend or indemnify BFD, BFD Aurora and/or Holland for the claims against them in the *Woofbeach* suit; and

B.   For all such just and equitable relief, including costs of this suit.

## COUNT III
## No Coverage for Uncovered "Damages"

26.   Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

27.   Subject to all of its terms, the Sentinel Policy only requires that the insurer pay "damages" which the insured becomes legally obligated to pay.

28.   The *Woofbeach* suit seeks injunctive relief, disgorgement and profits, trebled damages, attorneys' fees and costs.

29.   These claims do not seek "damages" under the Sentinel Policy as that term is defined and used in the Sentinel Policy or under applicable public policy.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.   A declaration finding that Sentinel owes no coverage to BFD, BFD Aurora and/or Holland for this relief in the *Woofbeach* suit; and

B.   For all such just and equitable relief, including costs of this suit.

18

**Count IV**
**No Coverage Outside Policy Periods**

30.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

31.     Subject to all of its terms, the Sentinel Policy only provides coverage if the "bodily injury" and "property damage" occur during the policy period or if the "personal and advertising injury" is caused by an offense committed during the policy period.

32.     The Sentinel Policy is in effect from April 10, 2016 to April 10, 2017. (Ex. B).

33.     Upon information and belief, Beach for Dogs was using the "Beach for Dogs" business name and the logo with that name and a silhouette of a palm tree and a dog before April 10, 2016.

34.     To the extent that any of the claims in the *Woofbeach* suit concern "bodily injury," "property damage," or "personal and advertising injury," those injuries, damages and/or offenses took place before April 10, 2016 and there is no coverage for those claims under the Sentinel Policy.

35.     Therefore, there is no duty to defend or indemnify Beach for Dogs for the claims against it in the *Woofbeach* suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify BFD, BFD Aurora and/or Holland for the claims against them in the *Woofbeach* suit; and

B.     For all such just and equitable relief, including costs of this suit.

19

## Count V
### BFD Aurora Is Not An Insured Under the Sentinel Policy

36.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

37.     BFD Aurora is neither a named insured nor does it otherwise qualify as an insured under the Sentinel Policy.

38.     Therefore, Sentinel owes no duty to defend BFD Aurora under the Sentinel Policy for the *Woofbeach* suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify BFD Aurora for the claims against it in the *Woofbeach* suit; and

B.     For all such just and equitable relief, including costs of this suit.

## Count VI
### Holland is Not an Insured for his Individual Liability under the Sentinel Policy

39.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

40.     Under the Sentinel Policy, "executive officers" and director are insureds but only with respect to their duties as Beach for Dogs' officers and directors and "employees" are insureds but only for acts within the scope of their employment or while performing duties related to the conduct of Beach for Dogs' business.

41.     To the extent that Holland is individually liable in the *Woofbeach* suit, there is no coverage under the Sentinel Policy for Holland's individual liability.

20

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Sentinel owes no coverage to Holland for any individual liability he may have in the *Woofbeach* suit; and

B.      For all such just and equitable relief, including costs of this suit.

## Count VII
### Intellectual Property Exclusion Precludes Coverage

42.      Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

43.      The Sentinel Policy precludes coverage for claims "[a]rising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity" and for "any injury or damage alleged in any claim or 'suit' that also alleges an infringement or violation of any intellectual property rights, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply."

44.      The *Woofbeach* suit alleges that Beach for Dogs' "use of the 'Beach for Dogs' business name and logo [...] infringes the rights of Woofbeach in its service marks." (Ex. A ¶20, ¶31-38).

45.      To the extent that any "personal and advertising injury" is alleged, the claims in the *Woofbeach* suit fall within the Intellectual Property Exclusion in the Sentinel Policy.

21

46.     Accordingly, Sentinel has no duty to defend or indemnify Beach for Dogs for the claims against it in the *Woofbeach* suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify BFD, BFD Aurora and/or Holland for the claims against them in the *Woofbeach* suit; and

B.     For all such just and equitable relief, including costs of this suit.

### Count VIII
### Prior Publication Exclusion Precludes Coverage

47.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

48.     The Prior Publication Exclusion in the Sentinel Policy precludes coverage for "personal and advertising injury" that arises out of publication of material which first took place before the policy began.

49.     To the extent that there is any "personal and advertising injury," the Prior Publication Exclusion bars coverage.

50.     Consequently, Sentinel has no duty to defend or indemnify Beach for Dogs for the claims against it in the *Woofbeach* suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

22

A.     A declaration finding that Sentinel owes no duty to defend or indemnify BFD, BFD Aurora and/or Holland for the claims against them in the *Woofbeach* suit; and

B.     For all such just and equitable relief, including costs of this suit.

## Count IX
## Expected or Intended Exclusions Preclude Coverage

51.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

52.     The Expected or Intended Injury Exclusions in the Sentinel Policy preclude coverage for any "bodily injury" or "property damage" which is expected or intended from the insured's standpoint. It also excludes coverage for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

53.     To the extent that any injury or damage for "bodily injury," "property damage", or "personal or advertising injury" is alleged in the *Woofbeach* suit, the Expected or Intended Injury Exclusions bar coverage.

54.     Therefore, Sentinel has no duty to defend or indemnify Beach for Dogs for the claims against it in the *Woofbeach* suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

23

A.     A declaration finding that Sentinel owes no duty to defend or indemnify BFD, BFD Aurora and/or Holland for the claims against them in the *Woofbeach* suit; and

B.     For all such just and equitable relief, including costs of this suit.

**Count X**
**Personal and Advertising Exclusion in the Excess Umbrella Coverage Precludes Coverage**

55.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

56.     The excess umbrella coverage in the Sentinel Policy precludes coverage for "personal and advertising injury" subject to an exception of "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury."

57.     Because there is no coverage for any alleged "personal and advertising injury" under the primary coverage, coverage for any "personal and advertising injury" is excluded under the Umbrella Liability Provisions of the Sentinel Policy.

58.     Accordingly, Sentinel has no duty to defend or indemnify Beach for Dogs for the claims against it in the *Woofbeach* suit under the excess umbrella coverage.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify BFD, BFD Aurora and/or Holland for the claims against them in the *Woofbeach* suit under the excess umbrella coverage; and

24

B.     For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

SENTINEL INSURANCE COMPANY

By:      /s/ Michael J. Duffy
          One of Its Attorneys

Michael J. Duffy (michael.duffy@wilsonelser.com)
Ashley L. Conaghan (ashley.conaghan@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2232505v.1